IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINA GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 3:25-cv-298 |
| | § | |
| **SILK ROYALE, LLC AND MIKE EDWARDS, INDIVIDUALLY,** | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Christina Gonzalez ("Gonzalez") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. Defendants have violated the FLSA by failing to pay Gonzalez, a non-exempt hourly sales associate, in accordance with the guarantees and protections of the FLSA. Defendants refused to pay Gonzalez at time-and-one-half her regular pay rate for all hours worked over forty hours within a workweek, although they had full knowledge that Gonzalez consistently worked over forty hours per week.

### II. PARTIES

2. Plaintiff Christina Gonzalez is an individual residing in Dallas County, Texas.

3. Silk Royale, LLC, doing business as Condom Sense, is a Texas Limited Liability Company that employed Gonzalez.

4. Silk Royale, LLC's registered agent for service of process is Mike Edwards and he may be served at 19009 Preston Road, Suite 112, Dallas, Texas 75252 or at 4708 Yorkshire Trail, Plano, Texas 75093 or wherever else he may be found.

5. At all times relevant to this claim, Silk Royale, LLC was an employer of Gonzalez as defined by 29 U.S.C. §203(d).

6. Mike Edwards is an individual who is the President of Silk Royale, LLC, and he may be served at 19009 Preston Road, Suite 112, Dallas, Texas 75252 or at 4708 Yorkshire Trail, Plano, Texas 75093 or wherever else he may be found.

7. Mike Edwards individually employed Gonzalez.

8. Mike Edwards was an employer of Gonzalez as defined by 29 U.S.C. §203(d).

9. Mike Edwards acted directly or indirectly in the interest of Silk Royale, LLC in relation to Gonzalez's employment.

10. Mike Edwards had and exercised managerial responsibilities and substantial control over Silk Royale, LLC employees, including Gonzalez.

11. Mike Edwards had and exercised control over the terms and conditions of Silk Royale, LLC employees, including the terms and conditions of Gonzalez's employment.

12. Mike Edwards had and exercised his authority to hire, fire and direct Silk Royale, LLC employees, including Gonzalez.

13. Mike Edwards had and exercised his authority to supervise and control the employment relationships and work schedules of Silk Royale, LLC employees, including Gonzalez.

14. Mike Edwards had and exercised his authority to set and determine the rate and method of pay of employees of Silk Royale, LLC, including Gonzalez.

15. Mike Edwards had and exercised his authority to decide whether Silk Royale, LLC employees, including Gonzalez, received overtime compensation.

16. Mike Edwards also kept and maintained employment records for Silk Royale, LLC employees, including Gonzalez.

### III.  JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction under 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

18. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Dallas County, Texas, which is in this District and Division.  Gonzalez was an employee of Defendants and performed work for Defendants in and around Dallas County, Texas.  Defendants are subject to this Court's personal jurisdiction with respect to this civil action.  Defendants thus reside in this district and division. 28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV.  COVERAGE UNDER THE FLSA

19. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Gonzalez.

20. At all relevant times, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Defendant Silk Royale, LLC has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all relevant times, Silk Royale, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Silk Royale, LLC is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that each enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Gonzalez was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

24. As an employee of Defendants, Gonzalez handled items such as cell phones, computers, cleaning supplies, and other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

25. Defendants operate approximately ten Condom Sense stores in and around the Dallas metroplex area.   Defendants claim to be the largest adult toy store in the Dallas--Fort Worth Metroplex with stores serving Arlington, Plano, Addison, McKinney, Lewisville and the North Dallas areas.

26. Defendants employed Gonzalez as a sales associate.

27. Gonzalez began working for Defendants on or about January 9, 2023, and her last day was December 20, 2024.

28. At all times, Defendants paid Gonzalez on an hourly basis.

29. At all times, Defendants paid Gonzalez straight time for all hours worked over forty per workweek.

30. Throughout her employment with Defendants, Gonzalez was non-exempt.

31. Throughout her employment with Defendants, Gonzalez was entitled to overtime premiums for all hours worked over forty per workweek.

32. Throughout her employment with Defendants, Gonzalez typically worked an average of approximately 70 to 74 hours per workweek.

33. Defendants paid no overtime premiums for any hours worked by Gonzalez over forty per workweek.

34. In fact, Defendants modified Gonzalez's paychecks to make them appear as if she was paid on a salary basis, although her pay was tied to the actual number of hours she worked each week.

35. Defendants were fully aware that Gonzalez consistently worked over forty hours per workweek, as her hours were posted each week on the schedule. For example, below is Gonzalez's schedule from March 25, 2024 through March 31, 2024, reflecting Gonzalez was scheduled for 77 hours of work, which does not include the additional 15 minutes Gonzalez worked each day after her scheduled time ended on those days she closed the store.

| Addisons A1/A2 | Mon 3/25/2024 | Tues 3/26/2024 | Wed 3/27/2024 | Thurs 3/28/2024 | Fri 3/29/2024 | Sat 3/30/2024 | Sun 3/31/2024 |
|---|---|---|---|---|---|---|---|
| | 3:45p-11p A2 | 3:45p-11p A2 | 3p-11p A2 | OFF | 4:45p-12a A2 | 4:45p-12a A2 | 4p-10:30p A2 |
| Christina G. | 9:45a-11p A2 | 9:45a-11p A2 | OFF | 9:45a-11p A1 | 9:45a-12a A2 | 9:45a-5 A1/5:30-12a A2 | 11:45a-4 A2/5-10:30p A1 |
| | 4:45p-11p A1 | 4:45p-11p A1 | 4:45p-11p A2 | 4:45p-11p A2 | REQ | REQ | REQ |
| | OFF | 9:45a-5p A1 | 9:30a-5p A2 | 9:45a-5p A2 | 9:45a-5p A1 | 9:45a-5p A2 | 11:45a-5p A1 |
| | OFF | REQ | 9:30a-5p A1 | 9:45a-5p A2 | 9:45a-5p A2 | 9:45a-5:30p A2 | 4p-10:30p A2 |
| | 9:45a-5p A1 | NA | 4:45p-11p A1 | 4:45p-11p A1 | 4:45p-12a A1 | 4:45p-12a A1 | NA |
| | 9:45a-5p A2 (1) | 9:45a-5p A2 (2) | 9:30a-5p PR (3) | 4:45p-11p A1 (4) | OFF | 5:30p-12a A2 (5) | OFF |

36. Defendants were fully aware of their obligations to pay overtime compensation to non-exempt employees such as Gonzalez.

37. Defendants purposefully ignored their obligations to pay overtime compensation to non-exempt employees such as Gonzalez.

38. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Gonzalez.

## VI.  CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. Gonzalez incorporates all allegations in the foregoing paragraphs as though fully set forth herein.

40. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees, including Gonzalez, in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours, without compensating such employees, including Gonzalez, for work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rate for which such employees, including Gonzalez, were employed.  Defendants have acted willfully in failing to pay their non-exempt employees, including Gonzalez, in accordance with applicable law.

## VII.  PRAYER FOR RELIEF

WHEREFORE Christina Gonzalez prays for judgment against Defendants Silk Royale, LLC and Mike Edwards, individually, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Gonzalez and for liquidated damages equal in amount to the unpaid compensation found due to Gonzalez;

b. For an Order awarding Gonzalez the taxable costs and allowable expenses of this action;

c. For an Order awarding Gonzalez attorneys' fees;

d. For an Order awarding Gonzalez pre-judgment and post-judgment interest at the highest rates allowed by law;

  e. For an Order awarding Gonzalez declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

  f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

  Respectfully Submitted,

  **WELMAKER LAW, PLLC**
  409 N. Fredonia, Suite 118
  Longview, Texas 75601
  Tel: (512) 499-2048

  By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@welmakerlaw.com

  **ATTORNEY FOR PLAINTIFF**