IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINA GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No.  3:25-cv-298-B |
| | § | |
| **SILK ROYALE, LLC AND MIKE EDWARDS, INDIVIDUALLY,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL

Plaintiff Christina Gonzalez seeks an order from this Court for Leave to Proceed without Local Counsel and in support thereof would show as follows:

Plaintiff has brought this lawsuit against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., as amended ("FLSA").  Douglas B. Welmaker is lead counsel of record for Plaintiff and does not reside or maintain a principal office within 50 miles of the Dallas federal courthouse.

Pursuant to Local Rule 83.10(a)[1] of the Northern District of Texas, designation of local counsel, as defined therein, would be required absent leave.  However, given Mr. Welmaker's experience regarding FLSA single and collective action lawsuits, which he has litigated for over

---

[1] Local Rule 83.10 states "Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. "Local counsel" means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending. Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge. If the request for leave is denied, written designation of local counsel must be filed within 14 days of the denial."

25 years, and his prior experience litigating cases in the Northern District of Texas, Plaintiff hereby seeks leave to proceed without local counsel.[2] Given the fact that the Dalla Courthouse is approximately 2.0 hours from Counsel's current residence in Longview, Texas, Mr. Welmaker can easily appear before the Court, in person or via Zoom, the very same day he is requested to appear before the Court, provided there are no scheduling conflicts. Furthermore, granting leave to allow Plaintiff to proceed without the requirement to retain additional local counsel will avoid duplication of effort and spare additional legal expense.

                              Respectfully submitted,

                              */s/ Douglas B. Welmaker*
                              Douglas B. Welmaker
                              Attorney-in-Charge
                              State Bar No. 00788641
                              Welmaker Law, PLLC
                              409 N. Fredonia, Suite 118
                              Longview, Texas 75601
                              Phone: (512) 799-2048
                              Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**

---

[2] Both this Court (*Pacheco v. Insane Vinyl, LLC et al*, CA 3:22-cv-1478-M, Dkt. 6), Judge Brantley Starr (*Owens v. AMK Desoto*, CA 3:22-cv-1455-X, Dkt. 8 and *Lozano v. Go Wild Fabrication & Welding LLC*, CA 3:22-cv-2107-X, Dkt. 9), and Judge O'Connor (*Frazier v. KM Holdings, Granbury, LLC et al*, CA 4:23-cv-761-O, Dkt. 6; *Moore v. Kinship Place*, CA 4:24-cv-01036, Dkt. 9) have granted the same motion to proceed without local counsel.